## 54028. HALL COUNTY BOARD OF TAX ASSESSORS v. REED et al.
## 54029. HALL COUNTY BOARD OF TAX ASSESSORS v. BANKS et al.
## 54030. HALL COUNTY BOARD OF TAX ASSESSORS v. BRASELTON.

WEBB, Judge.

The sole issue in these three appeals is whether the provisions of the CPA (Code Ann. §§ 81A-112, 81A-181), requiring defensive pleadings to be filed in response to a complaint, are applicable to proceedings involving appeals to the superior court from property evaluations of a county board of equalization brought pursuant to Code

Ann. § 92-6912 (6).

These cases arose when the taxpayers were successful in having the valuation of their property by the Hall County Board of Tax Assessors lowered by the County Board of Equalization. The Board of Tax Assessors filed an appeal in the superior court pursuant to Code Ann. § 92-6912 (6)[1] on the grounds that (1) the amounts assessed and fixed by the Board of Equalization were not uniform in value with other property in the county; (2) were not just and fair; (3) were not determined as provided in Code Ann. Ch. 92-69; and (4) as between these taxpayers and other taxpayers of Hall County, were not fairly and justly equalized so that each taxpayer would pay his proportionate share of taxes. The prayers were that the appeals be heard before a jury, that process issue and that the taxpayers "be served as provided by law."

_____

[1] The pertinent provisions of that Code Section are as follows:

"(6) Appeals to the superior court

"(A) The taxpayer or the county board of tax assessors may appeal to the superior court of the county in which the property lies from the decisions of the county board of equalization.

"(B) An appeal by the taxpayer shall be effected by filing with the county board of tax assessors a written notice of appeal. An appeal by the county assessors shall be effected by giving notice to the taxpayer. The notice to the taxpayer shall be dated and contain the name and the last known address of the taxpayer. The notice of appeal shall specifically state the grounds for appeal. The notice in either case shall be filed within 30 days from the date on which the decision of the local board of equalization is mailed pursuant to subsection (5) (F) (2). The county board of tax assessors shall certify the notice of appeal, any other papers specified by the appellant, including the staff information from the file used by either the board of tax assessors or the board of equalization, all of which papers and information shall become a part of the record on appeal to the superior court, to the clerk of the superior court.

Summons attached to the appeal instructing all taxpayers to answer within 30 days were served but none of the taxpayers filed any answer or other defensive pleadings in response. Upon discovering that no answers had been filed within 30 days of such service, the Board of Tax Assessors filed motions for default judgment against all taxpayers based upon the theory that since the appeals were de novo actions in the superior court they were governed by the CPA provisions; and that under Code Ann. § 81A-181 defensive pleadings were required to be filed pursuant to Code Ann. § 81A-112. The trial court denied the motions for default judgment but certified the orders for immediate review, and we granted the applications for interlocutory appeal.

The Civil Practice Act expressly provides that it applies "to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but, in any event, the provisions of this Title governing . . . defenses . . . shall apply to all such proceedings." Code Ann. § 81A-181. See *Gresham v. Symmers,* 227 Ga. 616, 617 (2) (182 SE2d 764) (1971); *McKnight v. Mitchell,* 142

---

"(C) The appeal shall constitute a de novo action.

"(D) (1) The appeal shall be heard before a jury at the first term following the filing of the appeal. If an appeal presents solely questions of law, it shall be heard before the court sitting without a jury as soon as practicable but not later than 40 days following the date on which the appeal is filed with the clerk of the superior court.

"(2) The board of tax assessors shall use the valuation of the county board of equalization in compiling the tax digest for the county. However, if the final determination of value by appeal is less than the valuation set by the board of equalization, the taxpayer shall receive a deduction in his taxes for the year in question. If the final determination of value on appeal is greater than the valuation set by the board of equalization, the taxpayer shall be liable for the increase in taxes for the year in question as a result of the increased valuation fixed on appeal."

Ga. App. 344 (1977). Thus we must assume that an appeal to the superior court from a county tax assessment brought under Code Ann. § 92-6912 (6) is a "complaint" as contemplated by the Civil Practice Act (Code Ann. §§ 81A-101, 81A-103) which is required to be answered by responsive pleading (Code Ann. § 81A-112). Nevertheless, we agree with the trial court that a default judgment could not properly be granted here.

First, where questions of fact are presented by such an appeal, Code Ann. § 92-6912 (6) (D) (1) requires a de novo investigation by trial before a jury. See *Murray v. Richardson,* 134 Ga. App. 676, 677 (4) (215 SE2d 715) (1975). The just and fair valuation of the property involved is a question of fact for jury determination.

Second, under the CPA a case does not automatically become in default upon the failure to timely file responses where the action involves unliquidated damages, "in which event the plaintiff shall be required to introduce evidence and establish the amount of damages. . ." Code Ann. § 81A-155 (a). We find this analagous and applicable to the statutory design of a tax appeal to the superior court under § 92-6912, which "contemplates that findings as to fair market value shall be made." *Hodsdon v. Duckett,* 135 Ga. App. 922, 923 (219 SE2d 634) (1975).

Further, the CPA precludes a default judgment from exceeding the amount, or differing in kind or form, from that prayed for in the demand for judgment. Code Ann. § 81A-154 (c). "Plaintiff's relief in a judgment by default is strictly limited in nature and degree to that specifically demanded in the complaint. . ." *Dempsey v. Ellington,* 125 Ga. App. 707, 708 (2) (188 SE2d 908) (1972). "[W]here a judgment in a default case grants more relief than originally requested, it is to that extent a nullity." *Orkin Exterminating Co. v. Townsend,* 136 Ga. App. 50, 53 (2) (220 SE2d 14) (1975). Here the demand for relief was, both by the pleadings in the cases before us and also by necessary implication from the very nature of the action, that a just and fair evaluation be placed on the property involved, and this requires that a jury finding as to fair market value be made. Compare *Pittman v. McKinney,* 135 Ga. App. 192, 193 (4) (217 SE2d 446) (1975), holding that a default judgment entered on a tort claim without

damages having been proved before a jury is void on its face, with *Building Associates, Inc. v. Crider,* 141 Ga. App. 825 (1) (1977), where this court held that since a response to an amended pleading is allowed but not required by the CPA, a failure to respond constitutes a denial or avoidance of the allegations as amended, thereby precluding a judgment on the pleadings or a summary judgment.

Finally, because the issues have been defined prior to the filing of the appeal in superior court, the failure to file a response to the appeal in no way works a hardship on the appellant. See *Wright v. Thompson,* 236 Ga. 655, 656 (1) (225 SE2d 226) (1976), where the Supreme Court declared it unnecessary to file a second answer and counterclaim when two suits between the same parties involving the same dispute were consolidated for trial. We therefore conclude that a default judgment will not lie for failure to file defensive pleadings in a de novo hearing on appeal in the superior court from a property evaluation.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED JUNE 6, 1977 — DECIDED JUNE 14, 1977.

*Greer, Deal, Birch, Orr & Jarrard, Stanley F. Birch, Jr.,* for appellant.

*Telford, Stewart & Stephens, Joe K. Telford,* for Reed et al.

*Robinson, Harben, Armstrong & Millikan, Emory F. Robinson,* for Banks et al. and Braselton.