### 37232. ROGERS v. DeKALB COUNTY BOARD OF TAX ASSESSORS.

SMITH, Justice.

Appellant challenges the constitutionality of the method of valuation used by appellee Board of Tax Assessors in determining the fair market value of his airplane for ad valorem tax purposes. He seeks "an injunction prohibiting Defendant Board of Tax Assessors from valuing and assessing aircraft on the basis of published market [i.e. "blue book"] value and requiring them to value and assess aircraft on the basis of original cost minus depreciation," the method used in the valuation of business equipment, furniture and fixtures. Appellant bases his argument on the fact that all of the above property belongs to the same class (tangible property). Under Art. VII, Sec. I, Par. III of the Georgia Constitution (Code Ann. § 2-4603), "[a]ll taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." The trial court granted summary judgment to the Board. We affirm.

1. Before reaching the merits of this case, we must address appellant's first enumeration of error, wherein he contends that he is entitled to a default judgment under CPA § 55 (Code Ann. § 81A-155) because appellee failed to file an answer within thirty days of appellant's appeal from the County Board of Equalization to the superior court.

CPA § 81 (Code Ann. § 81A-181) provides that the Civil Practice Act "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but, in any event, the provisions of this Title governing the sufficiency of pleadings; defenses; amendments; counterclaims; cross-claims; third-party practice; joinder of parties and causes; making parties; discovery and depositions; interpleader; intervention; evidence; motions; summary judgment; relief from judgments and the effect of judgments; shall apply to all such proceedings." The procedures for appeal from a decision of a County Board of Equalization are set forth in Code Ann. § 91A-1449 (f). Appellant argues that since "such an appeal shall 'constitute a de novo action' [Code Ann. § 91A-1449 (f) (3)]" and since

"neither that section nor any other provision contains an express statutory rule relating to responses to notices of appeal, . . . the applicable provisions of the Civil Practice Act apply." From this premise, appellant argues that the notice of appeal to the superior court constitutes a "complaint" which requires an answer within 30 days. See CPA § 12 (a) (Code Ann. § 81A-112 (a)). As no answer was filed in this case, appellant contends a default judgment should have been entered in his favor.

We recognize that in *Hall County Bd. of Tax Assessors v. Reed,* 142 Ga. App. 556, 559 (236 SE2d 532) (1977), the Court of Appeals "assume[d] that an appeal to the superior court from a county tax assessment . . . is a 'complaint' as contemplated by the Civil Practice Act . . ." However, we must disagree. *Howell v. Harden,* 231 Ga. 594 (1) (203 SE2d 206) (1974). The requisites for the notice of appeal in a tax assessment case are set forth in Code Ann. § 91A-1449 (f) (2). The requisites for a complaint are not the same. See CPA § 8 (Code Ann. § 81A-108). Nor are the procedures which follow the filing of a complaint. See CPA § 4 (Code Ann. § 81A-104).

The appeal procedure outlined in Code Ann. § 91A-1449 (f) does not contemplate the filing of a "complaint" or "answer." Although we disapprove of some seemingly contrary language in *Hall County Bd. of Tax Assessors v. Reed,* supra, we adopt the holding of that case: "[A] default judgment will not lie for failure to file defensive pleadings in a de novo hearing on appeal in the superior court from a property evaluation." Id. at 560.

2. We now turn to the merits of this case. Appellant argues that the Board of Tax Assessors cannot, consistent with Code Ann. § 2-4603 and the equal protection clauses of the state and federal constitutions, utilize a "blue book" method of valuation in determining the fair market value of an aircraft for ad valorem tax purposes while utilizing a cost-less-depreciation method in determining the fair market value of other types of tangible personal property. Appellant has not alleged or argued that either the blue book or cost less depreciation methods of valuation are, in and of themselves, constitutionally deficient. He simply contends that "the statutory duties of the taxing authorities to assess property at full market value, must yield to the higher duty imposed by the Georgia Constitution to assess that property uniformly and nondiscriminatorily" (see *McLennan v. Undercofler,* 222 Ga. 302 (149 SE2d 705) (1966)), and thus, if the method of valuation prescribed by the taxing authority for other property in the same class would result in a "fair market value" for his aircraft which is lower than that as determined by the "blue book," he must be given the benefit of that method of valuation. To deny him that method,

appellant argues, would be to create a constitutionally impermissible sub-class of tangible property, the owners of which would bear a disproportionate share of the ad valorem tax burden.

Merely because the method of valuation prescribed for other property in the class would result in a lower assessment of "fair market value" on appellant's aircraft than exists under the "blue book" does not mean that the taxing authority is constitutionally prohibited from assessing aircraft on the basis of "blue book" value. "The object of the assessors must be to determine the fair market value of the property subject to taxation in the county and the methods employed may be varied if the object is attained." *Chilivis v. Backus,* 236 Ga. 88, 90 (222 SE2d 371) (1976). While "[t]he tax assessor must use the same standard [i.e., fair market value] or system [i.e., 40% of fair market value] in determining and fixing the taxable value of all property of the same class. [Cits.]" *Colvard v. Ridley,* 218 Ga. 490, 491 (128 SE2d 732) (1962), it is not "[im]permissible under the uniformity of taxation provision of the constitution to apply different methods of arriving at the fair market value of tangible property. *Wade v. Ray,* 234 Ga. 234 (214 SE2d 923) (1975)." *Chilivis v. Backus,* supra at 90; see also Code Ann. § 91A-1001. It is the duty of the board of tax assessors to "see that all taxable property within the county is assessed and returned at its fair market value and that fair market values as between individual taxpayers are fairly and justly equalized so that each taxpayer shall pay *as near as may be* only his proportionate share of taxes." (Emphasis supplied.) Code Ann. § 91A-1448 (a). "This does not require the tax assessors to use any definite system or method, but demands only that the valuations be just and that they be fairly and justly equalized among the individual taxpayers ( *Hutchins v. Williams,* 212 Ga. 754 (4) [(95 SE2d 674) (1956)]), ' . . . according to the best information obtainable . . .' [Code Ann. § 91A-1440 (a)]." *Kight v. Gilliard,* 214 Ga. 445, 448-449 (105 SE2d 333) (1958).

In the instant case, we must accept the proposition that the cost less depreciation method of valuation and the "blue book" method provide the "best information obtainable" for the types of property to which they are applied. Not only has appellant failed to allege or argue otherwise, but the Manager of Personal Property in the office of the DeKalb County Board of Tax Assessors has filed an affidavit stating this to be the case. The Manager explains: "[The cost less depreciation] method is utilized [in determining the fair market value of personal property such as machinery, equipment, furniture and fixtures] because a publication equivalent to the *Aircraft Bluebook* is not available for such personal property which would provide an existing market value and thus the use of the cost minus

depreciation method provides a valuation utilizing the best information available to the Board of Tax Assessors." We must conclude that appellee is entitled to judgment as a matter of law insofar as appellant's claim under the uniformity of taxation provision of the Georgia Constitution is concerned. See *Hutchins v. Candler,* 209 Ga. 415, 419 (2) (73 SE2d 191) (1952).

We reach the same conclusion with respect to appellant's claim under the state and federal equal protection clauses. " 'The applicable principles [relating to federal equal protection] have been often stated and are entirely familiar. The States have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the National Government or violating the guaranties of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation . . . It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value . . . "To hold otherwise would be to subject the essential taxing power of the State to an intolerable supervision, hostile to the basic principles of our Government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to assure." Ohio Oil Co. v. Conway, (281 U. S. 146, 159 (50 SC 310, 74 LE 775)).' Allied Stores of Ohio v. Bowers, 358 U. S. 522, 526 (79 SC 437, 3 LE2d 480)." *McLennan v. Aldredge,* 223 Ga. 879, 885 (159 SE2d 682) (1968). We do not believe that a different rule should obtain under the equal protection clause of the Georgia Constitution. See *Ingalls Iron Works Co. v. Chilivis,* 237 Ga. 479 (228 SE2d 866) (1976).

3. In his final enumeration of error, appellant contends that the trial court erred in denying his motion for class certification. However, in his brief appellant makes it clear that he seeks review of this ruling only in the event the trial court's ruling on the merits is reversed. As this has not occurred, appellant's final enumeration of error need not be considered. See *Peppers v. Smith,* 151 Ga. App. 680, 682-683 (2) (261 SE2d 427) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 23, 1981.

*McDaniel, Chorey & Taylor, John G. Grubb, Jr.,* for appellant.
*Gail C. Flake, George P. Dillard,* for appellee.