## 39005. DOUGHERTY COUNTY BOARD OF TAX ASSESSORS v. BURT REALTY COMPANY.
## 39006. DOUGHERTY COUNTY BOARD OF TAX ASSESSORS v. BURT COMPANY.

HILL, Chief Justice.

Burt Realty Company and the Burt Company are corporations which develop residential property and own multiple residential building lots in Dougherty County which they hold solely for purposes of resale. Being dissatisfied with the 1981 valuation of their property, they filed a complaint with the Board of Tax Assessors. The

property owners contended that the appraised values of their properties exceeded the present market values and that the method of valuation was unconstitutional because it lacked uniformity in that it differed from the method of valuation of merchants' inventory. They then appealed the adverse ruling of the Board of Tax Assessors to the Board of Tax Equalizers, which denied their requests for relief. On appeal, however, the superior court granted the property owners' motion for summary judgment. The Dougherty County Board of Tax Assessors brings this appeal.

The record indicates that prior to 1981, the Board allowed developers who owned multiple residential lots a developer's discount amounting to approximately 50% of the retail value (asking price). In 1981, the Board declined to allow this discount, and instead valued the lots at issue at retail value (asking price).[1]

The property owners supported their contention that the asking price is higher than market value with an appraisal which indicated that multiple lots are worth .4977 of the total asking price. The appraisal assumes the lots will be sold in three years and discounts the value accordingly; other evidence introduced by the property owners suggests that it will take 10 years to sell all the lots.

The property owners' alternative contention is that the assessment is invalid because it "is not uniformly made with other and like property included in the digest. . . ." More specifically, they contend that the fact that merchants' inventory is valued at cost plus expenses of processing for sale, while lots held for sale are valued at retail price, violates the Constitution, which provides that: "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. Classes of subjects for taxation of property shall consist of tangible property and one or more classes of intangible personal property including money." Ga. Const. (1976) Art. VII, Sec. I, Par. III (Code Ann. § 2-4603).

The property owners are, of course, correct in contending that the Constitution requires that there be uniformity of taxation as between realty and tangible personalty (with certain exceptions not applicable here). *Benson-Corwin, Inc. v. Cobb County School*

---

[1] In response to a question at oral argument, counsel for the Board stated that the Board would have used "comparables" to arrive at a value, but when the property owners objected, the Board decided to use the value placed on the lots by the owners, i.e., asking price. Counsel for the property owners did not appear.

We note that the Board apparently has created two methods of evaluating real property: (1) the value of developer's real property is fixed by the developer's asking price, and (2) the value of property owned by others is determined from sales of comparable property.

*District,* 239 Ga. 199, 200 (236 SE2d 361) (1977). Furthermore, the law provides that: "All property shall be returned for taxation at its fair market value." OCGA § 48-5-6 (Code Ann. § 91A-1007); see OCGA § 48-5-2 (Code Ann. § 91A-1001). Thus both tangible personal property and realty must be returned for taxation at fair market value, and must be taxed at the same rate. But there is no requirement that the same method be utilized to determine what the fair market value is. Quite to the contrary, the court has repeatedly held that the utilization of different methods to determine fair market value does not contravene the Constitution or the laws of Georgia. E.g., *Wade v. Ray,* 234 Ga. 234 (1) (214 SE2d 923) (1975); *Rogers v. DeKalb County Bd. of Tax Assessors,* 247 Ga. 726 (2) (279 SE2d 223) (1981). Likewise, utilization of different methods creates no infirmity under the United States Constitution. *Rogers v. DeKalb County Bd. of Tax Assessors,* supra. For example, real property recently sold may be valued at sales price, while other property is valued by comparable sales.

The trial court's order in these cases recites that summary judgment is granted to the property owners but does not set out findings of facts and conclusions of law. We understand the order to constitute a ruling that the property owners were correct in asserting that the county could not use different methods of valuation for merchants' inventory and for lots held for sale by developers. For the reasons stated above, that ruling is reversed.

We do not understand the trial court's order to be a ruling that the valuation proffered by the property owners was the fair market value. Here the county argues that asking price is fair market value and the taxpayer counters that the fair market value is 49.77% of the asking price. Although, as a matter of fact, asking price generally exceeds sales price, we cannot say as a matter of law that the asking prices set by these property owners are greater than the fair market values of the properties. Although the tax assessors or the property owners, or both, may be incorrect as a matter of fact, such determination cannot be made on motion for summary judgment, and it cannot be said that there is no genuine issue as to any material fact. Thus we remand for further proceedings consistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 25, 1983.

*Lee & Davis, C. Nathan Davis,* for appellant.

*Hilliard P. Burt,* for appellees.