A94A0011. THOMAS COUNTY BOARD OF TAX ASSESSORS
v. BALFOUR LAND COMPANY et al.
(446 SE2d 745)

Judge Harold R. Banke.

In 1990 the Thomas County Board of Tax Assessors began reappraising rural property within the county, emphasizing location of the property as a determinant of value. The reappraisals generated several tax appeals by landowners which were unsuccessful before the Board of Equalization. However, the superior court concluded that the new method of appraisal impermissibly subclassified rural property and violated the uniform taxation clause of the State Constitution. This appeal by the Thomas County Board of Tax Assessors followed.

"[A]ll taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Ga. Const. 1983, Art. VII, Sec. I, Par. III (a). "[B]oth tangible personal property and realty must be returned for taxation at fair market value, and must be taxed at the same rate. But there is no requirement that the same method be utilized to determine what the fair market value is. Quite to the contrary, the court has repeatedly held that the utilization of different methods to determine fair market

value does not contravene the Constitution or the laws of Georgia." *Dougherty County Bd. of Tax Assessors v. Burt Realty Co.*, 250 Ga. 467, 469 (298 SE2d 475) (1983). Accord *Harrington v. Baldwin County Bd. of Tax Assessors*, 214 Ga. App. 178 (447 SE2d 300) (1994).

In the instant case, in addition to considering such factors as use, soil type, and tract size, the appellant's method of reappraisal called for dividing rural property into zones for the purpose of considering location as an element of value. Four large-tract zones and six small-tract zones were drawn by analyzing property sales prior to 1990 to ascertain the ratio of assessed value to sales price. The valuation of both large and small tracts was adjusted based upon the zone in which they were located, and the millage rate was then applied to 40 percent of that valuation.

The appellant's valuation of rural property by zones thus consti- tuted a method of determining fair market value which realistically emphasized location as a factor. The zones were not arbitrarily fixed, but were drawn from a detailed analysis of property sales throughout the county. As such, there was no impermissible subclassification of the same type of property, and the trial court erred in concluding otherwise.

In finding that the appellant's method of valuation violated the uniformity clause, the trial court misplaced its reliance upon *Griggs v. Greene*, 230 Ga. 257 (197 SE2d 116) (1973), wherein the State Reve- nue Commissioner proposed to adjust real property differently ac- cording to its location inside or outside the city limits. Although that arbitrary subclassification of real property violated the uniformity clause, nothing in *Griggs* prohibits consideration of location as a fac- tor in determining fair market value.

Because the trial court invalidated the assessment, it did not ad- dress another issue raised by the appellee landowners, i.e., whether the appellant separated the value of timber from the value of land for 1992 as required by OCGA § 48-5-2 (3) (E). Accordingly, this case must be remanded for the trial court's resolution of that issue.

*Judgment reversed and remanded. Birdsong, P. J., and Black- burn, J., concur.*

DECIDED JUNE 13, 1994 —
RECONSIDERATION DENIED JULY 12, 1994 — 

*Whitehurst, Cohen & Blackburn, R. Bruce Warren*, for appel- lant.
*Alexander & Vann, Thomas H. Vann, Jr., George R. Lilly II*,

*Andrews & Seery, S. Andrews Seery,* for appellees.