A95A1694. BETHEA v. JOINT CITY-COUNTY BOARD OF TAX ASSESSORS.
(464 SE2d 37)

MCMURRAY, Presiding Judge.

In 1993, the Joint City-County Board of Tax Assessors ("the Tax Assessors") assigned values to property in Fulton County, Georgia, based upon a method of valuation which embraces location as a primary element of value. Specifically, the Tax Assessors divided the county into 900 tax districts, segregating areas based upon "natural boundary lines" as well as "economic boundaries," i.e., borders drawn via contrasting areas with significant differences between the average sales price of realty. The value of any parcel was then calculated based, in large part, on the average value of land (per square foot) in the parcel's district. This method of mass-appraisal was employed in arriving at an assessed value for Caroline Y. Bethea's residential parcel. Upon appeal, however, the Board of Equalization reduced the Tax Assessors' appraisal of Bethea's property by slightly over $78,000. Bethea then sought review before the superior court, claiming that the "[f]air market value of the property is less than that set by the Board of Equalization [and that the] valuation of the property is not uniform or equalized with similar properties."

After a bench trial, the superior court further reduced Bethea's ad valorem tax assessment by slightly over $37,000, but rejected Bethea's claim that "[t]he valuation of [her] property is not uniform or equalized with similar properties." This appeal followed. *Held*:

1. Bethea contends the trial court erred in finding that her property was equalized with similar property in other tax districts. Bethea

reasons that "[t]o determine whether a particular piece of property, or properties similarly situated, have been taxed uniformly one must and should look to similar parcels within the territory[,] i.e., Fulton County, and determine whether the valuations are the same." This argument is without merit.

In *Thomas County Bd. of Tax Assessors v. Balfour Land Co.*, 214 Ga. App. 181 (446 SE2d 745), this Court approved the county tax assessors' method of dividing the county into zones so as to realistically include location as a factor of value. The basis of this holding was evidence indicating that the zones were not "arbitrarily fixed, but were drawn from a detailed analysis of property sales throughout the county." Id. at 182. In the case sub judice, the Tax Assessors not only demonstrated that Fulton County's tax districts are based upon a detailed analysis of property sales throughout the county, but that the average sales price of property in Bethea's tax district is conspicuously greater than the average sales price of property in an adjoining tax district, which is considered by locals to be part of the same urban neighborhood. Under these circumstances, we cannot say the trial court erred in rejecting Bethea's claim that "[t]he valuation of [her] property is not uniform or equalized with similar properties."

2. In light of our holding in Division 1, it is unnecessary to consider Bethea's second enumeration of error.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 17, 1995.

*Freeman & Hawkins, Jack N. Sibley,* for appellant.
*Stefani R. Lacour, Monica E. Ewing,* for appellee.