## S97A1812. ROGERS v. DeKALB COUNTY BOARD OF TAX ASSESSORS.
### (495 SE2d 33)

HINES, Justice.

This is a challenge to the constitutionality of OCGA § 48-5-16 (e).[1] Rogers, a certified public accountant, was assessed by DeKalb County for the 1996 ad valorem property taxes on his aircraft. The aircraft was hangared in DeKalb County and its flights normally originated there. Rogers' legal address was in DeKalb County; however, his unincorporated public accountancy practice was located in Fulton County, and the aircraft was used primarily in connection

---

[1] OCGA § 48-5-16 (e) provides:
(1) As used in this subsection, the term:
    (A) "Aircraft" means any contrivance used or designed for navigation through the air; provided, however, that such term does not include commercial airliners.
    (B) "Primary home base" means an airport where an aircraft is principally hangared or tied down and out of which its flights normally originate.
(2) Any person who owns tangible personal property in the form of an aircraft which has its primary home base in a county in this state other than the county in which such person maintains a permanent legal residence shall return such property for taxation to the tax commissioner or tax receiver of the county in which such primary home base is located. Such aircraft which does not have a primary home base in a county of this state other than the county in which the owner maintains a permanent legal residence shall be returned for taxation in the manner provided for in Code Section 48-5-11.

with Rogers' practice.

Rogers challenged the assessment of his aircraft based upon valuation and on the ground that OCGA § 48-5-16 (e) violates requirements of uniformity of assessment under the State and Federal Constitutions because it requires taxation of the aircraft in DeKalb County, where the aircraft is hangared, rather than in Fulton County, where the public accountancy business for which the aircraft is used is located. After an adverse ruling by the tax assessors, Rogers appealed to the DeKalb County Board of Equalization pursuant to OCGA § 48-5-311 (e) (1), and the Board affirmed the assessment. Rogers appealed to the superior court pursuant to OCGA § 48-5-311 (g). In the appeal, he expressly abandoned his challenge to valuation.

The superior court found that OCGA § 48-5-16 (e) is constitutional and does not create a separate class of personal property. It further concluded that the primary home base of Rogers' aircraft is in DeKalb County, and consequently, that the aircraft is subject to taxation in DeKalb County at the determined fair market value.[2]

1. The requirement of OCGA § 48-5-16 (e) to return for taxation an aircraft in the county in which it has its primary home base does not effectively create a prohibited separate class of tangible property in violation of the uniformity of taxation provision of the State Constitution, as discussed in *Griggs v. Greene*, 230 Ga. 257, 263 (2) (197 SE2d 116) (1973). See also *Benson-Corwin, Inc. v. Cobb County School District*, 239 Ga. 199 (236 SE2d 361) (1977). The uniformity of taxation provision of the State Constitution, 1983 Ga. Const., Art. VII, Sec. I, Par. III (a), requires that "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." This means that the levy for county purposes is to be uniform within the county and that the levy for state purposes must be uniform throughout the state. *Hawes v. Conner*, 224 Ga. 567, 568 (163 SE2d 724) (1968).

The situation in *Griggs*, cited by Rogers, violated the requirement for uniformity by a proposal to assess real property differently based on location inside or outside the city limits, thereby creating an arbitrary subclassification of real property. See *Thomas County Bd. of Tax Assessors v. Balfour Land Co.*, 214 Ga. App. 181, 182 (446 SE2d 745) (1994). OCGA § 48-5-16 (e) does not result in such an arbitrary subclassification. It merely provides the situs for taxation purposes of aircraft as tangible property. The uniformity clause of the constitution does not prohibit the fixing of the taxing authority for aircraft where the aircraft is primarily located.

2. For the foregoing reasons, Rogers' claim fails under the state

---

[2] The fair market value was determined to be $135,700.

and federal equal protection clauses. See also *Rogers v. DeKalb County Bd. of Tax Assessors*, 247 Ga. 726, 729 (2) (279 SE2d 223) (1981).

3. OCGA § 48-5-16 (e) has not been shown to contravene either the State or Federal Constitution, and the superior court did not err in determining that Rogers' aircraft was subject to ad valorem taxation in DeKalb County.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 2, 1998.

Philip D. Rogers, *pro se.*

Thurbert E. Baker, Attorney General, Dearing & Klauber, James E. Dearing, Jr., Lisa F. Stuckey, Jonathan A. Weintraub, for appellee.