## A05A1243. HILL v. HALL COUNTY BOARD OF TAX ASSESSORS et al.
(621 SE2d 517)

MIKELL, Judge.

Following a bench trial, Thomas Hill appeals from the trial court's order finding that the Hall County Board of Tax Assessors' (the "Board") 2003 appraisal of his lakefront property met the required standards of uniformity and represented the fair market value of Hill's property. Hill asserts that the Board failed to satisfy its burden to prove that: (1) his 2002 assessment was below market value; or (2) the land or building values increased between 2002 and 2003 in proportion to the increase in the Board's 2003 assessed value. For the reasons set forth below, we affirm.

Just and fair valuation of property is a question to be determined by the factfinder, here, the trial court.[1] On appellate review, the trial court's determination must be affirmed unless it is clearly erroneous.[2]

The record shows that Hill purchased a lakefront home in 2000 for $385,000. From 2000 to 2003, the value of lakefront property in Hall County remained constant, which fact the Board's expert witness appraiser attributed to low lake levels. The expert testified that he concluded that the fair market value of the property on January 1, 2003, was $370,000. He explained that this value was $15,000 less than Hill's purchase price in 2000 because he took into account deferred maintenance on the property that would affect its fair market value. The expert did not take into account the 2002 appraised fair market value for the property of $263,382. He did take into account two comparable properties in the same subdivision, one of which sold for $445,000 in April 2002, and the other for $439,000 in June 2003.[3]

The chief appraiser for the Board testified that the Board placed a value of $337,380 on Hill's land on January 1, 2003. The chief appraiser explained that tax appraisals for a given year are determined by looking at sales prices in the previous year and are calculated on a mass basis; that Hill's property was not singled out and valued in a different way from other taxpayers; and that Hill's 2002 assessment of $263,382 was low based on his purchase price of

---

[1] *Stoddard v. Bd. of Tax Assessors of Grady County*, 163 Ga. App. 499, 500 (1) (295 SE2d 170) (1982).

[2] OCGA § 9-11-52 (a).

[3] The expert explained that both of these homes were larger and were located on better lakefront lots than Hill's home.

$385,000 in 2000. Hill's expert witness testified that land and construction costs were flat in Hall County for lakefront property between 2002 and 2003.

The trial court found that the evidence supported the conclusion that Hill's property was worth either $370,000 or $337,380 on January 1, 2003. Based on the Board's representation that the trial court could not impose a value higher than the value assigned by the Board of Equalization, the trial court found that the fair market value was $337,380 and met all standards of uniformity.

Hill asserts on appeal that the Board failed to meet its alleged burden of proving that either: (1) the 2002 assessment fell within the ten percent margin of error referred to in OCGA § 48-5-343 (c); or (2) land or building values increased between 2002 and 2003 in proportion to the increase in assessed value for his property. We find no merit in Hill's argument for several reasons.

First, "[t]he burden of proof in a tax appeal to the superior court is on the party who initiated the appeal," in this case, Hill.[4] Second, OCGA § 48-5-343 (c) relates to uniformity of the tax digest as a whole, not an individual property. This Code section is part of an article outlining the State Revenue Commissioner's duty to examine county tax digests throughout the state and within a county "for the purpose of determining if the valuations of property for taxation purposes are reasonably uniform and equalized between counties and within counties."[5] The ten percent margin of error referred to by Hill relates to the commissioner's authority to approve a county's overall tax digest if the portion of the county's tax digest "that does not meet the uniformity requirements constitutes 10 percent or less of the assessed value of the *total digest*."[6] It has nothing to do with an individual taxpayer's assessment and creates no burden of proof on the Board of Tax Assessors in a dispute with an individual taxpayer. Indeed, a taxpayer does not even have standing to dispute decisions of the commissioner with regard to county tax digests.[7]

Third, to the extent Hill is arguing that his property was not uniformly taxed, the record supports the trial court's conclusion that his assessment met all standards of uniformity. The County's chief appraiser testified that all properties were appraised on a mass basis and that Hill's property was not singled out or appraised in a different way from other properties. As Hill submitted no evidence to the contrary, the trial court's ruling was not clearly erroneous.

---

[4] (Citation omitted.) *Apollo Travel Svcs. v. Gwinnett County Bd. of Tax Assessors*, 230 Ga. App. 790, 791 (1) (498 SE2d 297) (1998).

[5] OCGA § 48-5-342 (a). See also OCGA § 48-5-340.

[6] (Emphasis supplied.) OCGA § 48-5-343 (c).

[7] See *North by Northwest Civic Assn. v. Cates*, 241 Ga. 39, 43 (3) (243 SE2d 32) (1977).

Fourth, we find no merit in Hill's argument that the Board was required to prove that land or building values increased between 2002 and 2003 in proportion to the increase in assessed value for his property. While evidence of a previous year's assessment is admissible at the insistence of the taxpayer as evidence of value,[8] it is not conclusive. The Supreme Court has previously held that "[t]he mere fact that property had been assessed for taxes at a certain value . . . in a previous tax year, would not prevent the taxing authorities from fixing the valuation different for a succeeding year . . . , even though no improvements had been made on the property."[9] In this case, the Board presented evidence that Hill's assessment of $263,382 was low in 2002, based on his purchase price of $385,000 in 2000. Based on these facts, the trial court did not clearly err in finding that the fair market value of Hill's property was $337,380.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 15, 2005.

*Clark & Goldner, C. Lawrence Jewett, Jr.,* for appellant.
Thomas G. Hill, *pro se.*
*Stewart, Melvin & Frost, Frank Armstrong III,* for appellees.

---

[8] Cf. *Bd. of Tax Assessors v. McCauley,* 245 Ga. 381, 382 (265 SE2d 786) (1980).
[9] *Hutchins v. Williams,* 212 Ga. 754, 755 (3) (95 SE2d 674) (1956).