## A08A0729. SMITH v. ELBERT COUNTY BOARD OF TAX ASSESSORS.

(664 SE2d 786)

RUFFIN, Presiding Judge.

Glenna Smith appeals the trial court's denial of her appeal from a decision of the Elbert County Board of Tax Assessors (the "Board"). Smith challenges the Board's inclusion of a "$2,500 homesite value . . . tied to utility hookups" as part of the valuation of her property for tax purposes. After a bench trial on the merits, the trial court affirmed the Board's assessment of Smith's property value. Smith challenges this ruling and, for reasons that follow, we affirm.

1. We note that, while not technically a violation of our rules, Smith's frequent use of incomplete sentences and page-long paragraphs has significantly hindered our ability to comprehend her arguments. The dearth of personal pronouns in the brief has made it difficult in many instances to discern whether a particular sentence fragment is a fact found in the record or an assertion by counsel. We nonetheless attempt to address all of Smith's arguments to the extent we are able to identify them.

2. In her first two enumerations of error, Smith contests the trial court's finding that the assessed value of her property, $147,012, was its fair market value. Georgia law requires that all real estate be taxed at its fair market value.[1] On appeal, we affirm the trial court's determination of the just and fair valuation of property unless it is clearly erroneous.[2] Smith asserts that "the sole basis of the appeal was an arbitrarily added $2,500 homesite value to the overall taxable value of [Smith's] property such that the assessment was illegal and void, [because it was] not based on fair market value." The Board takes three general components into account when determining the fair market value of a property: land, any house on the property, and accessories, such as a detached garage or outbuilding. The Board includes in its assessment a home site value of $2,500 on all residential properties in Elbert County. The home site value reflects the added value of access to utilities on a tract. Smith argues that this home site value is arbitrary and that its addition to the

---

[1] See OCGA § 48-5-6.

[2] See *Hill v. Hall County Bd. of Tax Assessors*, 275 Ga. App. 504 (621 SE2d 517) (2005).

assessment of every residential property in the county is unconnected with fair market value.

A taxpayer appealing a tax assessment must establish the fair market value of the property.[3] In this instance, however, Smith admittedly presented no evidence of the fair market value of her property. She testified that she had no opinion as to the fair market value of the property, and her expert witness had not appraised the property and gave no opinion as to its fair market value. Rather, Smith challenged the methodology employed by the Board in reaching the assessed value. However, "[t]he object of the assessors must be to determine the fair market value of the property subject to taxation in the county and the methods employed may be varied if the object is obtained."[4] Here, the Board presented evidence both of the methodology it employed and that its methodology resulted in a determination of fair market value. Significantly, the Board presented evidence of comparable sales in Smith's neighborhood that established that her assessment actually approximated fair market value. Because Smith failed to meet her burden of showing the fair market value of the property and because there was evidence of the basis on which the Board made its determination, we affirm the trial court's ruling.[5]

3. In her third enumeration of error, Smith challenges the uniformity of the assessment. The Georgia Constitution requires that "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."[6] Smith argues that the application of the $2,500 home site value to every dwelling in Elbert County is not uniform, as it is applied to every home regardless of value, resulting in "superior homes . . . being assessed at a lesser percentage of market value than lesser quality homes." The uniformity required by Georgia law is uniformity of the tax digest as a whole.[7] The Supreme Court "has repeatedly held that the utilization of different methods to determine fair market value does not contravene the Constitution or the laws of Georgia."[8] Assessed value may be reached by considering existing zoning, existing use, and "[a]ny other factors deemed pertinent in arriving at

---

[3] See *Inland Container Corp. v. Paulding County Bd. of Tax Assessors*, 220 Ga. App. 878, 881 (1) (470 SE2d 702) (1996).

[4] (Punctuation omitted.) *Rogers v. DeKalb County Bd. of Tax Assessors*, 247 Ga. 726, 728 (2) (279 SE2d 223) (1981).

[5] See *Inland Container*, supra.

[6] Ga. Const. 1983, Art. VII, Sec. I, Par. III (a).

[7] See *Hill*, supra at 505 (addressing uniformity under OCGA § 48-5-343).

[8] (Punctuation omitted.) *Thomas County Bd. of Tax Assessors v. Balfour Land Co.*, 214 Ga. App. 181-182 (446 SE2d 745) (1994).

fair market value."[9] Here, the record reflects that the $2,500 home site value is only one factor in the Board's valuation of residential property. And there is simply no evidence in the record that the addition of the home site value results in some houses not being assessed at their fair market value. Accordingly, Smith's argument that her property was not uniformly taxed fails.[10]

4. In her remaining enumerations of error, Smith contends that the trial court erred in failing to require the Board to equalize the 2005 Elbert County tax digest, in asserting that it did not have jurisdiction to grant Smith's request to equalize Smith's property with other properties in Elbert County, and in denying Smith's motion for partial summary judgment. Because of our holdings in Divisions 2 and 3, these enumerations of error are moot.

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JULY 2, 2008 — ▮▮▮▮▮▮▮▮▮▮

*Truett Smith*, for appellant.
*Billy I. Daughtry, Jr.*, for appellee.

---

[9] OCGA § 48-5-2 (3) (B) (i)-(iv).
[10] See *Hill*, supra.