A10A0688. PACE BURT, INC. et al. v. DOUGHERTY COUNTY BOARD OF TAX ASSESSORS.
(699 SE2d 34)

ADAMS, Judge.

On October 5, 2009, the Dougherty County Superior Court found that five ad valorem tax appeals stood automatically dismissed under OCGA § 9-2-60 because more than five years had passed since entry of the last order in each of the cases. This appeal presents the question of whether that provision applies to appeals from property assessment valuations.

The five appellants are Dougherty County property owners who appealed the valuation of their real property to the Dougherty County Superior Court and requested a trial.[1] Their cases were consolidated by the superior court for purposes of this appeal.

The record shows that in the three cases filed in late 2000, the property owners raised additional legal questions, including one on the taxation of property owned by public utilities. In those three cases, the superior court granted summary judgment in favor of the Dougherty County Board of Tax Assessors on those legal issues, and this Court affirmed. *Burt, Burt & Rentz Retirement Pension Trust v. Dougherty County Tax Assessors*, 256 Ga. App. 648 (569 SE2d 557) (2002). Further attempts to appeal to the Supreme Court of Georgia and the Supreme Court of the United States were denied. *Burt, Burt & Rentz Retirement Pension Trust v. Dougherty County Tax Assessors*, 537 U. S. 1233 (123 SC 1365, 155 LE2d 198) (2003). Thus, as of at least March 2003, those proceedings left the property owners' main claim — that the county tax assessors placed an excessive value on their property — pending for trial in the superior court. *Burt*, 256 Ga. App. at 648. The remaining two property owners' similar valuation appeals were filed in January and November 2003, and they remained pending for trial in the superior court since that time. Thus, all five cases have been pending in the superior court from at least the end of 2003.

In May and July 2009, the board of tax assessors moved to strike the five tax appeals from the trial calendar on the grounds that no order had been entered in any of the five cases for more than five

---

[1] The appellants are Pace Burt, Inc., Burt, Burt & Rentz Retirement Pension Trust, Inc., Synovus Trust Company, Westover Apartments, L.P., and H. Pace Burt, Jr.

years and that, therefore, the cases were automatically dismissed under OCGA § 9-2-60. The trial court granted the motions. On appeal, the property owners do not contest the facts of how much time passed under the statute or whether an order had been filed during that time. Rather, they contend that OCGA § 9-2-60 simply does not apply to tax appeals. We disagree.

First, subsection (b) of the Code section states that the five-year rule applies to "any action or other proceeding":

> Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff.

OCGA § 9-2-60 (b). The statute governing tax appeals provides that "[t]he appeal shall constitute a de novo action." OCGA § 48-5-311 (g) (3). And the term "other proceeding" is broad enough to include tax appeals to superior court. Finally, this Court has already held that by this language the legislature intended to make the five-year rule "binding upon all court proceedings and not limited to suits." *Fulton County v. Corp. &c. of Latter Day Saints*, 133 Ga. App. 847, 848 (1) (212 SE2d 451) (1975). See also OCGA § 9-2-1 (1) (" 'action' means the judicial means of enforcing a right").

The property owners argue that the five-year rule does not apply because an appeal to the superior court from a county tax assessment does not contemplate the filing of a complaint or answer as defined under the Civil Practice Act. See *Rogers v. DeKalb County Bd. of Tax Assessors*, 247 Ga. 726, 727 (1) (279 SE2d 223) (1981). But this argument is flawed because nothing in OCGA § 9-2-60 limits application of the five-year rule to proceedings requiring a complaint and answer.

The property owners argue that nothing in OCGA § 9-2-60 refers to tax appeals, whereas it does mention condemnation proceedings. It is true that subsection (a) states that "the word 'proceedings' shall be held to include, but shall not be limited to, an appeal from an award of assessors or a special master in a condemnation proceeding." OCGA § 9-2-60 (a). But the language specifically states that it is not a limitation. Rather it simply makes clear that appeals from an award in a condemnation proceeding are included in the meaning of the words "any action or other proceeding." Indeed, the language was added to the Code section to correct the situation created by a decision of the Supreme Court which had held the five-year rule not applicable to that situation. See *Berry v. Siskin*, 128 Ga. App. 3, 5 (3) (195 SE2d 255) (1973).

The property owners argue that the use of the word "plaintiff"

in the five-year rule shows that it is inapplicable to tax appeals or, at least, inapplicable to the taxpayer. See OCGA § 9-2-60 (b), (c). Subsection (b) provides that following dismissal under the five-year rule, costs are to be taxed "against the party plaintiff." Subsection (c) provides that "[w]hen an action is dismissed" under the five-year rule, it may be renewed by "the plaintiff" under certain circumstances. The property owners argue that tax appellants cannot be deemed "plaintiffs" and that, therefore, the five-year rule is inapplicable. They add that the relevant Code section regarding tax appeals places the burden of proof on the board of tax assessors. OCGA § 48-5-311 (g) (3) ("The board of tax assessors shall have the burden of proving their opinions of value and the validity of their proposed assessment by a preponderance of evidence.").

But even this Court refers to tax appellants as "plaintiffs." See, e.g., *Lake Erma, LLC v. Henry County Bd. of Tax Assessors*, 298 Ga. App. 733 (681 SE2d 188) (2009); *Morton v. Glynn County Bd. of Tax Assessors*, 294 Ga. App. 901, 903 (670 SE2d 528) (2008). And even though the board of tax assessors had the burden of proof, in this case it is the taxpayers who initiated the appeals to the superior court and who play the role of plaintiffs. We find this argument unpersuasive.

The trial court did not err in finding the five-year rule applicable under the circumstances.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 8, 2010 —
RECONSIDERATION DENIED JULY 9, 2010 — 

*Burt & Burt, Hilliard P. Burt*, for appellant.
*Hulsey, Oliver & Mahar, Julius M. Hulsey, William S. Lee IV*, for appellee.