## A11A0308. GILMER COUNTY BOARD OF TAX ASSESSORS
### v. SPENCE.
(711 SE2d 51)

ANDREWS, Judge.

After the Gilmer County Board of Equalization valued Lois Spence's property at $117,711 for purposes of the 2006 tax year, Spence appealed to the superior court, where a jury returned a verdict valuing the property at $52,000. On appeal from the superior court's entry of judgment on the verdict, the Board argues that the trial court erred when it denied the Board the right to opening and closing argument and when it disallowed one of the Board's experts from testifying as such. We reverse because the Board, having the burden of proof in the appeal to the superior court, had the right to opening and closing argument, and because the evidence did not demand the jury's verdict.

1. The record shows that on the opening day of trial, the court ruled that Spence had the burden of proof because she had initiated the appeal to the superior court. As a result, the trial court denied the Board the right to opening and closing argument, but granted it a continuing objection on the issue.

(a) Appeals from a tax board's valuation decisions to the superior court are governed by OCGA § 48-5-311 (g), as amended in 1999, which provides in relevant part:

> (3) The appeal shall constitute a de novo action. *The board of tax assessors shall have the burden of proving their opinions of value and the validity of their proposed assessment by a preponderance of evidence.* Upon a failure of the board of tax assessors to meet such burden of proof, the court may, upon motion or sua sponte, authorize the finding that the value asserted by the taxpayer is unreasonable and authorize the determination of the final value of the property.

(Emphasis supplied.) See also Ga. L. 1999, p. 1043, § 3. Compare OCGA § 48-5-311 (g) (3) (1998) (stating only that "[t]he appeal [to superior court] shall constitute a de novo action"); *Weeks v. Gwinnett County Bd. of Tax Equalization*, 139 Ga. App. 37, 37-39 (1) (227 SE2d 865) (1976) (establishing the pre-1999 rule that the burden of proof is on the party bringing the appeal to the superior court).

As the trial court and the parties noted, some recent cases have

continued to suggest that the taxpayer has the burden of proof in appeals to the superior court.[1] Each of these has relied on case law predating the 1999 amendment to OCGA § 48-5-311 (g) (3), however.[2] We therefore disapprove them to the extent that they contradict the plain language of OCGA § 48-5-311 (g) (3), and confirm that "[r]egardless of which party initiates the tax appeal, the tax assessors are charged with the burden of proving 'their opinions of value and the validity of their proposed assessment by a preponderance of evidence.' " *Fulton County Bd. of Tax Assessors v. Nat. Biscuit Co.*, 296 Ga. App. 884, 885 (676 SE2d 41) (2009), quoting OCGA § 48-5-311 (g) (3); see also *Bd. of Tax Assessors of Ware County v. Baptist Village*, 269 Ga. App. 848, 854-855 (4) (605 SE2d 436) (2004); *Lamad Ministries v. Dougherty County Bd. of Tax Assessors*, 268 Ga. App. 798, 801 (1) (602 SE2d 845) (2004).

The trial court erred when it ruled that Spence had the burden of proof in her appeal to the superior court.

(b) As the Supreme Court of Georgia has confirmed, "[t]he party on whom the burden of proof rests has the right to open and conclude the cause before the jury." *Hussey v. Hussey*, 273 Ga. 735, 736 (1) (545 SE2d 880) (2001), quoting *Standridge v. Standridge*, 224 Ga. 102, 103 (160 SE2d 377) (1968); see also OCGA § 9-10-186 (where the burden of proof rests on a civil plaintiff, that plaintiff is entitled to opening and concluding arguments unless the defendant presents no evidence or admits a prima facie case). Our Supreme Court has held that even the denial of the right to make a closing argument to the trial court in a bench trial can amount to reversible error. *Wilson v. Wilson*, 277 Ga. 801, 801-804 (596 SE2d 392) (2004).

A new trial based on the denial of the right to open and close argument is not warranted if there is "an absence of any conflict in the evidence." *Wilson*, 277 Ga. at 803 (1); see also Ruskell, Davis & Shulman's Georgia Practice and Procedure (2008 ed.), § 19:22, pp. 896-897. Here, the Board presented expert testimony that the assessed value of Spence's property for the tax year 2006 was at least $117,711, while three witnesses for Spence, including Spence herself, valued the property at $52,000 or less. Because the evidence was in

---

[1] See *City of Atlanta v. Clayton County Bd. of Tax Assessors*, 306 Ga. App. 381 (702 SE2d 704) (2010); *Smith v. Elbert County Bd. of Tax Assessors*, 292 Ga. App. 417, 418 (2) (664 SE2d 786) (2008); *Aircraft Spruce &c. Co. v. Fayette County Bd. of Tax Assessors*, 294 Ga. App. 241, 243 (669 SE2d 417) (2008); *Clayton County Bd. of Tax Assessors v. City of Atlanta*, 286 Ga. App. 193, 195 (648 SE2d 701) (2007); *City of Atlanta v. Clayton County Bd. of Tax Assessors*, 284 Ga. App. 871, 873 (1) (645 SE2d 42) (2007); *Hill v. Hall County Bd. of Tax Assessors*, 275 Ga. App. 504, 505 (621 SE2d 517) (2005).

[2] See, e.g., *Inland Container Corp. v. Paulding County Bd. of Tax Assessors*, 220 Ga. App. 878, 881 (1) (470 SE2d 702) (1996); *Apollo Travel Svcs. v. Gwinnett County Bd. of Tax Assessors*, 230 Ga. App. 790, 791 (1) (498 SE2d 297) (1998).

conflict, the trial court's denial of the Board's right to open and close argument was not harmless, and a new trial must be ordered. *Wilson*, 277 Ga. at 803-804 (1) (ordering new trial where the party with the burden of proof had been denied closing argument, and where there was a conflict in the evidence before the factfinder).

2. Our grant of a new trial moots the Board's remaining assertion of error.

*Judgment reversed. Ellington, C. J., Smith, P. J., Barnes, P. J., Miller, P. J., Phipps, P. J., Mikell, Adams, Doyle, Blackwell, Dillard and McFadden, JJ., concur.*

DECIDED MAY 4, 2011.

*Fox, Chandler, Homans, Hicks & McKinnon, Joseph A. Homans*, for appellant.

*John J. Capo*, for appellee.