## 29800. BOARD OF COMMISSIONERS OF NEWTON COUNTY et al. v. ALLGOOD et al.

HILL, Justice.

Wiley Allgood and the other members of the County Board of Education for Newton County filed suit for declaratory judgment and injunction against the Board of Commissioners and Tax Commissioner of Newton County seeking a declaration that the board of education has the right to require the board of commissioners to set a 20-mill levy for maintenance and operation of Newton County schools and an injunction against the tax commissioner to prevent his collecting taxes at a lesser rate.

The trial court ruled in favor of the plaintiffs on

January 24, 1975, enjoining the defendant tax commissioner from collecting ad valorem taxes for the year 1974 until the board of education's recommendation as to the rate of millage to be levied for schools (not to exceed the maximum limitation set by law) is made the levy by the defendant board of commissioners for the support and maintenance of education in Newton County. Defendants have appealed.

The facts are as follows:

The Newton County Board of Tax Assessors, appointed by the board of commissioners, did not submit the 1974 county tax digest to the State Revenue Commissioner on June 1, 1974.

On October 28, 1974, the board of education met and approved a letter to be sent to the chairman of the board of commissioners and to the State Revenue Commissioner, contending that the tax digest was too low and stating that "Although by law the Newton County Board of Education is limited to a maximum levy of 20 mills, we must recommend a 26 mill levy on the above digest for maintenance and operation. We also recommend that the digest be adjusted so that 20 mills would generate $2,660,156."

That letter, on his letterhead as superintendent of schools, was dated October 29 and signed by Frank G. Cloer. Mr. Cloer is also secretary of the board of education.

On October 29, the tax digest was submitted with accompanying documents to the revenue commissioner for examination. One of the accompanying documents was the October 29 letter of Mr. Cloer.

On November 8, 1974, the revenue commissioner returned the tax digest to defendants stating that the digest as submitted did not meet the requirements of law that all property be returned at fair market value and assessed at 40%. He requested that the board of tax assessors make adjustments in the valuations to achieve the purpose and intent of law that all property be assessed at fair market value.

The following day, November 9, the digest was returned to the revenue commissioner by the tax assessors without adjustments having been made in the valuations, accompanied by a letter requesting that the

revenue commissioner make such adjustments in the digest as were required by law.

On December 3, the revenue commissioner ordered that the assessed values of the property be raised by a ratio of 1.27 (an increase of 27%) to achieve a digest of 40% of fair market value, and that, by operation of law as contained in Section 1, subsection (c), Ga. L. 1972, p. 174 (Code Ann. § 92-7001), the millage levy, as submitted with the 1974 digest, be adjusted so as to insure that the adjusted county digest will produce an amount of revenue reasonably equivalent to that amount of revenue which would have been produced had no necessary adjustments been made to the county valuations.

On December 6, the board of education certified, and served upon the tax commissioner, its recommendation to levy 20 mills on the adjusted digest for maintenance and operation of the Newton County schools.

On December 9, the chairman of the board of commissioners wrote a letter to the revenue commissioner stating in part that after the revenue commissioner factored the digest by 1.27 (on December 3), the board of education had asked for 20 mills, but the board of commissioners planned to set the levy at 16 mills.

On December 19, the board of commissioners levied 16 mills for school operation, treating the board of education's October 29 request as being 20 mills, the legal limit, and adjusting it downward to correspond to the upward adjustment of the digest. The minutes of that December 19 meeting of the board of commissioners state that the December 6 resolution of the board of education was not made available to the commissioners until after passage of the 16 mill levy.

A restraining order against the defendant tax commissioner was entered on Monday, December 23, at 12:35 p.m., based upon the certificate of counsel for the board of education that the tax commissioner had been notified the preceding Saturday, December 21, that such order would be sought. The order required the defendants to show cause, on January 10, 1975, why the prayers of the petition for declaratory judgment and injunction should not be granted.

This suit, seeking a declaratory judgment as to the

board of education's right to levy 20 mills and to enjoin the tax commissioner from collecting taxes at a lesser rate, was filed on December 24, 1974. On that same day, the tax commissioner and the clerk of the board of commissioners were served, and all parties consented to a final trial and determination at the January 10 hearing.

On January 7, 1975, at a meeting of the board of commissioners the board of education requested a levy of 20 mills for the maintenance and operation of the schools. No action was taken by the board of commissioners at this meeting on the ground that because the board of education had filed suit, the decision should be made by the court.

On January 8, the defendants filed defensive motions and an answer. One ground of motion was that an action for declaratory judgment was not maintainable for the reason that the board of education had not certified the millage to the board of commissioners.

Evidence was heard on January 10, several of defendants' motions were overruled, and the case was continued to January 17.

On January 14, at another meeting of the board of commissioners the board of education presented its January 10 certificate to the board of commissioners requesting 20 mills for the maintenance and operation of schools. A motion made to honor this request died for lack of a second.

On January 16, the board of education sought to amend its petition so as to allege the events of January 7 and 14. The defendants' objections to such amendment were overruled at the hearing the next day.

The hearing was resumed on January 17, additional evidence was taken, and the hearing was recessed until January 21. On January 22, the trial court entered an order on plaintiffs' prayers for declaratory judgment and injunctive relief, in order to maintain the status quo, restraining the tax commissioner from completing preparation of the 1974 tax bills and collecting such taxes.

On January 24, 1975, the trial court entered detailed findings and conclusions in favor of the board of education. This appeal by the defendants followed.

As stated by the trial court, the basic question in this case is whether the board of education has the legal right to establish a millage rate to produce revenue for the maintenance and operation of public schools on a digest as finally approved by the State Revenue Commissioner, or is it bound by its original levy on a digest prepared by the tax assessors which is rejected by the revenue commissioner and is subsequently, at the request of tax assessors, factored by the revenue commissioner so as to increase the assessed value of property in the county.

After reviewing the applicable statutes and court decisions, the trial court found the law to be in accord with both fairness and logic, saying: "Common reasoning dictates that no board of education should be required to determine a binding millage rate on a tax digest which is disapproved by order of the State Revenue Commissioner as being assessed at less than 40 percent of the fair market value." We concur, and affirm.

Before reaching the basic question, however, several preliminary matters require disposition. The defendants have enumerated as error several of the trial court's orders of January 10, 1975, overruling their defensive motions, to wit: the motion to dismiss the petition for lack of notice to the board of commissioners prior to entry of the December 23 restraining order against the tax commissioner, the motion to dismiss based on the ground that the school board's levy had not been properly certified to the board of commissioners, and the motion to dismiss based on lack of service of process on the board of commissioners.

Defendants also have enumerated as error the trial court's allowance, over objection, of the amendment to the complaint, and the trial court's order of January 22 maintaining the status quo.

1. Code Ann. § 81A-165 (b) provides in pertinent part that "A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the ap-

plicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting said party's claim that notice should not be required." Compliance with this provision is jurisdictional; i.e., is mandatory. *Mar-Pak Michigan, Inc. v. Pointer*, 226 Ga. 189 (173 SE2d 206).

However, in this case the complaint sought declaratory judgment (not injunctive relief) against the board of commissioners and injunctive relief against the tax commissioner. Prior notice was given the tax commissioner against whom the December 23 temporary restraining order was sought and issued. That order did not restrain the board of commissioners as to any of its activities. As for the commissioners, the effect of the temporary order was the same as if it had been denied. The board of commissioners, not being affected by the temporary restraining order, will not be heard to complain that they were not given notice of the application for the temporary order.

In view of the fact that notice was given the tax commissioner that a temporary restraining order would be sought, the failure to file with the clerk of superior court until December 24 that order entered on December 23, is not a violation of Code Ann. § 81A-165 (b).

2. At the hearing on January 10, 1975, it was acknowledged by defendants' counsel that service had been made upon the chairman of the board of commissioners. Such service of suit against a county complies with Code Ann. § 81A-104 (d, 5). That section, enacted as part of the 1966 Civil Practice Act, provides an alternative to serving a suit against a county by serving a majority of the members of the board of commissioners, as required by Code § 23-1503 (Ga. L. 1872, p. 39).

On appeal, appellants have also contended that no return of service has been entered of record as to the service upon the chairman of the board, and that only one copy of the summons and complaint was served jointly upon the tax commissioner and the clerk of the board of commissioners. These alleged errors were not called to the attention of the trial court in any of the several defensive pleadings and motions filed by appellants in the court below, and they will not be entertained here.

3. The right to amend pleadings under Code Ann. § 81A-115 (a) is very broad (*McDonald v. Rogers,* 229 Ga. 369, 378 (191 SE2d 844)). Code Ann. § 81A-115 (d) expressly provides for supplemental pleadings setting forth transactions, occurrences or events which have happened since the date of the pleading being supplemented. To sustain a motion to dismiss before allowing amendment to the complaint could be reversible error. Thus, the trial court did not err in allowing the plaintiff to supplement the complaint by alleging the events (meetings of the board of education with the board of commissioners) of January 7 and 14, 1975, before ruling upon defendants' motions to dismiss the complaint.

4. In granting or refusing interlocutory injunctions, the trial court is to set forth findings of fact and conclusions of law. Code Ann. § 81A-152 (a). An order continuing in effect a temporary restraining order after hearing is appealable. Code Ann. § 6-701 (a, 3). After hearing, while the trial court is formulating findings of fact and conclusions of law to serve as the basis for granting or refusing an interlocutory injunction, it is within the power and authority of the trial court in a suit for declaratory judgment and injunction to enter, pursuant to Code Ann. § 110-1102 (b), an order maintaining the status pending the completion of its findings and conclusions.

The trial court did not err in its order of January 22, directed to the tax commissioner, entered to maintain the status pending adjudication of the questions presented at the hearings of January 10, 17 and 21. Appellants' enumeration of error contending that Code Ann. § 81A-165 (b) prohibited the continuing of the restraining order against the tax commissioner beyond 30 days is without merit under the circumstances of this case.

5. Appellants have enumerated as error the trial court's overruling of their motions to dismiss for failure of the board of education to properly certify its recommended tax levy to the board of commissioners. Appellants contend that the October 29, 1974, letter from Mr. Cloer (secretary of the board of education) on his letterhead as superintendent of schools did not constitute a certificate of the board of education. However, the December 19

minutes and resolutions of the board of commissioners show that they treated this letter as coming from the board of education, their letter of December 9 to the revenue commissioner shows that they were aware of the board of education's 20 mill certification of December 6 served upon the tax commissioner, and the evidence shows that at its meeting of January 14 the board of commissioners had the board of education's 20-mill certificate of January 10, 1975.

The motions to dismiss based upon alleged insufficiency of certification and notice thereof to the board of commissioners are without merit.

The motions to dismiss on the ground that the suit, when filed, was premature in that no controversy existed prior to proper certification, and was too late after proper certification in that all rights of the parties had then accrued and declaratory judgment was not thereafter maintainable, are equally without merit. The declaratory judgment sought was that the board of commissioners must accept the board of education's 20-mill levy and it had not been and was not accepted, as shown by the action of the board of commissioners at its meetings of January 7 and 14.

Appellants' enumeration of error on the ground that the board of education's petition should have been dismissed for failure to comply with the principles of equity (e.g., alleged unclean hands and alleged negligence in failing to timely certify its millage requirements) has been dealt with above and will be disposed of below.

Also, as will be seen below, the complaint did not allege and trial court did not declare Code Ann. § 92-7001 or § 92-7002.1 to be unconstitutional. The complaint sought a declaration that the board of commissioners' levy of 16 mills for school purposes was unconstitutional, and the trial court so held. Hence, notice to the attorney general was not required by Code Ann. § 110-1106, there being no statute of the state, nor any order of any state administrative body within the meaning of that Code section, under constitutional attack.

6. We arrive at the basic question. Appellants have enumerated as error the trial court's order of January 24,

1975, declaring that the Newton County Board of Education has the constitutional right to certify to the governing authority a millage rate not to exceed 20 mills on the tax digest finally determined as being correct and accurate and approved by the State Revenue Commissioner.

Our Constitution, Art. VIII, Sec. XII, Par. I (Code Ann. § 2-7501), provides that: "The fiscal authority of each county shall annually levy a school tax for the support and maintenance of education, not greater than 20 mills per dollar as certified to it by the county board of education, upon the assessed value of all taxable property within the county located outside any independent school system or area school district therein."

The board of education shall certify; the fiscal authority (board of commissioners) shall levy. *Bd. of Ed. of Wilcox County v. Bd. of Commrs.,* 201 Ga. 815 (41 SE2d 398). As was said in *Smith v. Bd. of Ed. of Washington County,* 153 Ga. 758 (11) (113 SE 147): "Power and authority is vested in the board of education to fix the rate of taxation, and said authority is not conferred upon the board of commissioners of roads and revenue of the county. The entire local control of schools is placed in the hands of the board of education, and the responsibility and authority is upon said board to determine what taxation is necessary for the support of the schools, and they are required to recommend accordingly to the board of commissioners of roads and revenue, who must levy the tax as recommended, no discretion being vested in the board of commissioners as to the rate of taxation."

"The board of commissioners is bound by the highest law that the people of Georgia can enact, the Constitution of the State." *Bd. of Ed. of Wilcox County v. Bd. of Commrs.,* 201 Ga. 815, 818, supra.

7. The Board of Commissioners of Newton County contends, however, that under Code Ann. § 92-7002.1 the board of education must submit its millage levy to the revenue commissioner, through the board of commissioners, at the time the digest is first submitted to the revenue commissioner for his approval or rejection, and if subsequently the valuation of assessed property is increased, then the board of education's original millage

levy has to be reduced accordingly and cannot thereafter be increased by the board of education. Or stated otherwise, the board of commissioners contends the board of education's levy of 20 mills for maintenance and operation of the school system must be reduced, by operation of law (Code Ann. § 92-7001), by a proportionate percentage of the increase in the valuations as ordered by the revenue commissioner due to the fact that the county tax assessors did not submit a fair market value tax digest in the first instance and did not thereafter, at the request of the revenue commissioner, adjust the valuation according to law.

The board of education contends that it has the right to be furnished a true and accurate digest on which to establish its millage rate. It is true that Code Ann. § 92-7002.1 requires the county governing authority to submit the total county millage levy to the revenue commissioner at the time the tax digest is submitted.

Moreover, it is true that Code Ann. § 92-7001 (c) provides that the revenue commissioner may adjust the tax digest or return it to the tax assessors for adjustment, and that when such adjustments are made, the revenue commissioner shall adjust the county millage levy so as to produce revenue reasonably equivalent to that amount of revenue which would have been produced had no adjustments been made. It is provided, however, that "in no case may the commissioner reduce the millage levy below the rate required by the county to meet its fixed obligations." Code Ann. § 92-7001 (c).

As heretofore shown, one of the county's obligations is to levy the school tax certified by the board of education. The fiscal authority shall levy a school tax not greater than 20 mills per dollar, as certified by the board of education, upon the "assessed value" of all taxable property within the county outside any independent or area school district. Const., Art. VIII, Sec. XII, Par. I (Code Ann. § 2-7501), supra.

We interpret the words "assessed value" in that constitutional provision to mean the correctly assessed value (i.e., the assessed value approved by the revenue commissioner), not an incorrectly assessed value. Code Ann. § 92-5703.

As heretofore noted, it is the duty of the board of education to certify its needs, and the duty of the board of commissioners to levy the taxes to meet those needs. It is the duty of the tax assessors to assess fair market value. Where the revenue commissioner determines that the county tax digest does not reflect fair market value, the board of education has been prevented from performing that duty imposed on it by the Constitution. For us to interpret Code Ann. § 92-7001 (c) as appellants urge, would be to give tax assessors a veto power over boards of education which the Constitution has denied even to the elected county commissioners. The power and authority to fix the rate of school taxation is vested by the Constitution in the boards of education, not the county commissioners, not the tax assessors, and not the State Revenue Commissioner. *Smith v. Bd. of Ed. of Washington County,* 153 Ga. 758, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1975 — DECIDED MARCH 20, 1975.

*Strickland & Costley, Charles D. Strickland,* for appellants.

*Campbell & Bouchillon, W. K. Campbell,* for appellees.