## 32247. BENSON-CORWIN, INC. v. COBB COUNTY SCHOOL DISTRICT et al.

INGRAM, Justice.

Appellant's property was annexed into the City of Marietta from the unincorporated area of Cobb County.

Thereafter, the assessed value of appellant's property was increased by the county and this caused an increase in appellant's tax liability for the retirement of Cobb County School bonds. Appellant brought suit in Cobb Superior Court for a temporary and permanent injunction to prevent the appellees from collecting a school bond tax on its property at a valuation higher than the assessed valuation of appellant's property at the time it was annexed by the City of Marietta. This appeal follows the trial court's denial of appellant's prayers for injunctive relief. We affirm as we find no error.

At trial appellant stipulated: that its property is within the Cobb County school district; that it is subject to taxation for the purpose of retiring Cobb County school bonds issued prior to the annexation of its property into the City of Marietta; and, that the assessed value placed on its property is completely fair.

Thus, the only question for decision is whether the trial court erred in not freezing the assessed value of appellant's property, for purposes of the county school bond tax, at its assessed value when it was annexed into the city. We agree with the trial court that to grant appellant the relief requested would contravene the constitutional rule of uniformity in taxation which exists in this state.

Article VII, Sec. I, Par. III of the Constitution of Georgia of 1976 (Code Ann. § 2-4603) provides in part that, "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. Classes of subjects for taxation of property shall consist of tangible property and one or more classes of intangible personal property including money."

Under this constitutional provision all real and personal tangible property, except "motor vehicles, including trailers," and "mobile homes, other than those mobile homes which qualify the owner thereof for the homestead property tax exemption under Georgia law," constitutes a single class of property and must be assessed and taxed alike. See *Griggs v. Greene,* 230 Ga. 257, 258 (2) (197 SE2d 116) (1973); *Hutchins v. Howard,* 211 Ga. 830 (2) (89 SE2d 183) (1955).

Code Ann. § 92-5701 (Ga. L. 1909, p. 72) provides that,

"[a]ll property shall be returned for taxation at its fair market value."

To freeze the assessed value of appellant's property at an amount obviously below its fair market value would also obfuscate the application of Art. VIII, Sec. VII, Par. I of our Constitution (Code Ann. § 2-5501) which provides in part that, "[t]he fiscal authority of each county shall annually levy a school tax for the support and maintenance of education, not greater than twenty mills per dollar as certified to it by the county board of education, upon the assessed value of all taxable property within the county located outside any independent school system or area school district therein." The "assessed value" referred to in the Constitution is the correctly assessed fair market value. See *Bd. of Commrs. of Newton County v. Allgood,* 234 Ga. 9, 17 (7) (214 SE2d 522) (1976).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1977 — DECIDED
JUNE 8, 1977.

*Downey, Cleveland & Moore, Lynn A. Downey, Joseph C. Parker,* for appellant.

*Richard H. Still, Awtrey, Parker, Risse, Mangerie & Brantley, Dana L. Jackel, Bentley & Schindelar, Fred D. Bentley, Sr.,* for appellees.