S06A1766. BLUM et al. v. SCHRADER et al.

(637 SE2d 396)

CARLEY, Justice.

In 2006, the General Assembly enacted SB 386, which redrew three state senate districts in the Athens area. Appellant-plaintiffs, who are voters in the newly drawn districts, initially brought an action in federal court attacking the enactment on both constitutional and statutory grounds. However, their claims were found to be meritless. *Kidd v. Cox*, 2006 WL 1341302 (N.D. Ga. 2006). Appellants then filed this state action, in which they challenged the constitutionality of the enactment and sought declaratory and injunctive relief. They alleged that the statute violates Art. III, Sec. II, Par. II of the Georgia Constitution of 1983, which provides:

> The General Assembly shall apportion the Senate and House districts. Such districts shall be composed of contiguous territory. The apportionment of the Senate and of the House of Representatives shall be changed by the General Assembly as necessary after each United States decennial census.

After conducting a hearing, the trial court found no merit in the constitutional challenge and dismissed their complaint. Appellants appeal from that order.

1. Appellants acknowledge that, under the Georgia Constitution of 1976, the General Assembly had the discretionary authority to redraw the districts whenever it wished. However, they maintain

that that discretionary power was the result of wording which was not carried forward into present Art. III, Sec. II, Par. II. In relevant part, Art. III, Sec. II, Par. I of the former Constitution provided that

> [t]he General Assembly may create, rearrange and change Senatorial Districts as it deems proper. . . . The apportionment of the Senate shall be changed by the General Assembly, if necessary, after each United States decennial census becomes official.

According to Appellants, since present Art. III, Sec. II, Par. II no longer provides that the General Assembly "may" reapportion itself "as it deems proper," it lacks the discretionary power to do so more frequently than once every ten years.

"In construing a constitutional provision, the ordinary signification shall be applied to words. [Cits.]" *Thomas v. MacNeill*, 200 Ga. 418, 424 (37 SE2d 705) (1946). The former constitutional provision did not specify that the General Assembly could reapportion the districts "whenever" it chose to do so. Instead, it provided that the General Assembly "may create, rearrange and change" the districts "as it deems proper." In their ordinary meaning, the words "create, rearrange and change" do not implicate any concept of time. Instead, they are verbs which are expressive of the act of engaging in a transformative undertaking. Thus, under the former constitutional provision, the General Assembly was authorized to fashion and configure reapportioned districts in any manner or form "as it deem[ed] proper." Appellants may be correct that the General Assembly no longer has that discretionary power. Under present Art. III, Sec. II, Par. II, any district created, rearranged or changed by the General Assembly must be composed of contiguous territory, and not simply "as it deems proper." Insofar as the frequency of reapportionment is concerned, however, the former and present constitutional provisions are essentially identical. Both specify that the General Assembly "shall" reapportion itself when the census renders that act "necessary."

2. Appellants urge that, even if the failure to carry forward the "as it deems proper" language from the 1976 Constitution is not a relevant factor, the language of present Art. III, Sec. II, Par. II, standing alone, nevertheless shows that the General Assembly lacked the constitutional authority to enact SB 386.

"[T]his Court must honor the plain and unambiguous meaning of a constitutional provision. [Cit.]" *Lowry v. McDuffie*, 269 Ga. 202, 206 (3) (496 SE2d 727) (1998). " 'Our duty is to construe and apply the Constitution as it is now written.' [Cit.]" *Service Employees Intl. Union v. Perdue*, 280 Ga. 379, 380 (628 SE2d 589) (2006).

"Where the natural and reasonable meaning of a constitutional provision is clear and capable of a 'natural and reasonable construction' ([cit.]), courts are not authorized either to read into or read out that which would add to or change its meaning." [Cit.]

*Service Employees Intl. Union v. Perdue,* supra at 382. Applying these rules of construction here demonstrates that, just as its 1976 counterpart, Art. III, Sec. II, Par. II, does not contain any express temporal limitation on the General Assembly's exercise of its authority to reapportion itself. The first sentence simply provides that the General Assembly "shall apportion the Senate and House districts." This is an obvious general grant of plenary reapportionment power, and not a prohibition on the exercise of that power as often as the General Assembly might choose. As previously noted, the second sentence restricts only the manner or means by which the General Assembly can exercise its reapportionment power, by specifying that the districts "shall be composed of contiguous territory." The third and final sentence does address the timing of reapportionment, by providing that the districts "shall be changed by the General Assembly as necessary after each United States decennial census." However, a requirement that apportionment be undertaken "as necessary" after each census is clearly not an unambiguous limitation on the frequency with which the reapportionment power may be exercised between censuses. Thus, as was the case under the 1976 Constitution, so long as the latest census figures are used, nothing in Art. III, Sec. II, Par. II unequivocally prevents the General Assembly from apportioning contiguous territory into Senate and House districts as frequently as a majority of its members determines is expedient.

Nevertheless, Appellants point to the third sentence and urge that, once the General Assembly has reapportioned itself after a census, the power cannot be exercised again unless and until a subsequent census renders it "necessary" to do so. In support of this construction, they cite the principle that

"[a] provision which expressly prescribes the manner of doing a particular thing is exclusive in that regard and impliedly prohibits performance in a substantially different manner. Thus, where the manner in which, or the means by which, a power granted shall be exercised are specified, such manner or means are exclusive of all others, and the right or power to use other means does not arise by implication even though considered more convenient or effective."

*Jones v. Fortson*, 223 Ga. 7, 13 (152 SE2d 847) (1967). The fallacy in this argument is that the dispositive issue here is not the manner and the means by which the reapportionment power is exercised by the General Assembly. Again, that factor is addressed in the second sentence of Art. III, Sec. II, Par. II, which mandates, without exception, that the districts be composed of contiguous territory. Instead, the question in this case is the frequency with which the General Assembly may exercise its reapportionment power. Had the intent been to depart from the 1976 Constitution and limit the General Assembly to only one redistricting after each census, the framers of the 1983 Constitution could have made an express provision to that effect, and they would not have included the first sentence in Art. III, Sec. II, Par. II. As previously noted, that sentence grants general unrestricted authority to the General Assembly for reapportioning the districts, and imposes no temporal limitation on the exercise of that power. Appellants' construction of the entire constitutional provision relies on the third sentence of the provision, rendering the first sentence superfluous and meaningless. However, it is a basic rule of constitutional construction that no provision is presumed to be without meaning and that all of its parts should be construed so as to give a sensible and intelligent effect to each of them. *Brown v. Liberty County*, 271 Ga. 634, 635 (522 SE2d 466) (1999).

> The contentions urged by [Appellants], if sustained would have the effect of isolating a few words from the entire paragraph and giving to them a refined definition without due consideration of the context in which they are used. This, under all the recognized rules of construction, can not be done. The true meaning of such words can be ascertained in no other way except by a consideration, inter alia, of the subject-matter to which they relate as disclosed by the entire paragraph.

*Thompson v. Talmadge*, 201 Ga. 867, 881 (2) (41 SE2d 883) (1947). When all of the applicable rules of construction are applied to the entirety of Art. III, Sec. II, Par. II, that provision requires the General Assembly to reapportion itself at least once after each census if "necessary," but does not limit the exercise of that power to a once-in-a-decade occurrence. The frequency of reapportionment between censuses is solely a matter of unfettered legislative discretion, unrestricted by any state constitutional prohibition.

Appellants' reliance on *People v. Davidson*, 79 P3d 1221 (Colo. 2003) for a contrary holding is misplaced. That decision is not even persuasive authority because, in "contrast [to the relevant provision in the Colorado Constitution], no similar temporal limitations exist in

Article III, section 2, paragraph 2 of the Georgia Constitution." *Kidd v. Cox*, supra at *13 (III) (A) (4). The trial court correctly ruled that SB 386 was enacted pursuant to the General Assembly's exercise of the discretionary authority granted by the Georgia Constitution to reapportion itself.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Bondurant, Mixson & Elmore, David G. H. Brackett, Jason J. Carter, Winburn, Lewis & Stolz, Irwin W. Stolz, Jr.,* for appellants.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Berryman, Jr., Billy I. Daughtry, Jr., Hulsey, Oliver & Mahar, Jane A. Range, Hall, Booth, Smith & Slover, Michael C. Pruett, Jacobs, Slawsky & Barnett, Norman J. Slawsky, Ekonomou, Atkinson & Lambros, Stewart, Melvin & Frost, William H. Blalock, Jr., Jarrard & Davis, Angela E. Davis,* for appellees.